IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSHUA JC ULLOA,

    Petitioner,

v.

SALMONSON, Interim Warden
FCI Sheridan,

    Respondent.

Case No. 3:25-cv-00568-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

Petitioner, an adult in custody at FCI Sheridan, brings this 28 U.S.C. § 2241 habeas corpus action alleging that he is entitled to community placement pursuant to the First Step Act ("FSA"). Petitioner fails to state a claim upon which relief may be granted. Therefore, the Petition for Writ of Habeas Corpus should be dismissed.

## BACKGROUND

In 2019, Congress enacted the FSA, which "implemented a number of prison and sentencing reforms." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019). Among other things, the FSA incentivizes individuals in custody to complete evidence-based recidivism reduction programs in exchange for rewards, including up to twelve months of earned time credits that may be applied to accelerate their release from prison, and tasks the BOP with determining when to transfer individuals to prerelease custody or supervised release. *See id.*; *see also* 18 U.S.C. § 3624(g); 28 C.F.R. § 523.44(d).

1 – FINDINGS AND RECOMMENDATIONS

On February 3, 2025, the BOP issued an "FSA Time Credit Assessment" that applied all earned time credit for which Petitioner is eligible and calculated his projected FSA release date as June 12, 2025.[1] Petition, ECF No. 1, Exh. A. The BOP's assessment also identified July 2, 2024, as Petitioner's "conditional transition to community date" but noted that this date was "the . . . best case scenario" and "can change" depending on several factors. *Id.* On April 7, 2025, Petitioner filed the instant petition alleging that despite designating him for conditional transition to a halfway house and/or home confinement on July 2, 2024, the BOP has wrongfully detained him at Sheridan beyond his FSA date.[2] Petitioner seeks an order requiring his immediate or expedited release from FCI Sheridan to a federal halfway house or home confinement.

## LEGAL STANDARDS

A district court must undertake a preliminary review and dismiss a petition for writ of habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) (instructing that the Rules apply to habeas petitions filed pursuant to Section 2241). "Rule 4 . . . explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (simplified).

---

[1] In his petition, petitioner acknowledges that he is entitled to only 365 days of FSA earned time credit, that all FSA earned time credit for which he is eligible has been applied, and that the BOP's calculation of FSA earned time credits is not at issue in this case.

[2] When Petitioner initially filed his Petition, he did not submit the filing fee or an application to proceed *in forma pauperis*. On April 9, 2025, the Court issued an Order (ECF No. 3) requiring him to do so within 30 days, and on May 1, 2025, the Court received Petitioner's filing fee.

## DISCUSSION

Congress has delegated plenary authority to the BOP to designate the place of confinement for individuals in federal custody, including placement in community-based facilities or home confinement. *See* 18 U.S.C. § 3621(b) (instructing that the BOP "shall designate the place of . . . imprisonment" for persons committed to BOP custody); 18 U.S.C. § 3624(c)(1) (instructing that the BOP director may place an individual in federal custody in a "community correctional facility" for up to twelve months at the end of his sentence); 18 U.S.C. § 3624(c)(2) (instructing that the BOP may "place a[n] [individual in custody] in home confinement" during the final months of his term of imprisonment). By its terms, the statute granting the BOP sole authority to determine where individuals in federal custody will serve their prison terms insulates such decisions from judicial review. *See* 18 U.S.C. § 3621(b)(5) (instructing that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court").

Petitioner alleges that his continued incarceration at Sheridan is unlawful because the BOP conditionally designated him for release to a halfway house or home confinement under the FSA. Those facts notwithstanding, as explained above, decisions as to whether and when an individual qualifies for placement in a halfway house or home confinement are not subject to judicial review. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination, decision, or order" by the BOP pursuant to 18 U.S.C. §§ 3621-24 ); *see also Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at *6 (D. Ariz. June 26, 2023) (explaining that "[w]hether to permit an [individual] to complete the end-phase of their sentence outside of formal prison custody is a matter of discretion left to the BOP"), *report and recommendation adopted*, 2023 WL 4960411

(D. Ariz. Aug. 3, 2023); *Shults v. Birkholz*, No. 2:22-cv-07273-JAK (MAR), 2022 WL 22842049, at *2 (C.D. Cal. Oct. 11, 2022) (denying the petitioner's request for immediate release to a halfway house or home confinement pursuant to the FSA because such request "is one for which there is no judicial authority"); *Crum v. Blanckensee*, No. CV 20-3664-DOC (JEM), 2020 WL 3057799, at *2 (C.D. Cal. June 8, 2020) (explaining that the court "does not have jurisdiction to order a transfer to home confinement").

For these reasons, Petitioner fails to state a viable claim for relief pursuant to Section 2241.  *See Reeb*, 636 F.3d at 1227 (explaining that allowing individuals in federal custody to "bring habeas petitions under [Section 2241] to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625"); *see also Matecki v. Thompson*, No. 2:21-cv-0268-WBS-DMC-P, 2021 WL 2457691, at *3 (E.D. Cal. June 16, 2021) (concluding that although the FSA "provides a mechanism for the BOP to exercise its discretion concerning credits and early release[,] . . . the denial of early release in the exercise of the BOP's discretion would not give rise to the deprivation of a liberty interest"), *findings and recommendation adopted*, 2021 WL 3206571 (E.D. Cal. July 29, 2021). Accordingly, the petition must be summarily dismissed.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due by May 30, 2025.  If no objections are filed, then the Findings and Recommendation will go under advisement that date.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED May 8, 2025.

          /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge