IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSHUA JC ULLOA**, | Case No. 3:25-cv-00568-YY |
| Petitioner, | **ORDER ADOPTING FINDINGS & RECOMMENDATION** |
| v. | |
| **SALMONSON**, Interim Warden, FCI Sheridan, | |
| Respondent. | |

Joshua JC Ulloa, Reg. No. 02758-093, FCI Sheridan, P.O. Box. 5000, Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

On May 8, 2025, Magistrate Judge You issued her Findings and Recommendation ("F&R"), ECF 4, recommending that Petitioner Joshua JC Ulloa's Petition for Writ of Habeas Corpus, ECF 1, be dismissed for lack of jurisdiction. No objections were filed.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

PAGE 1 – ORDER

recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

No party having timely filed objections, the Court has reviewed the F&R, ECF 4, for clear error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes. Having reviewed the record, this Court finds no clear error in Judge You's F&R.[1] The F&R, ECF 4, is ADOPTED in full. Petitioner's Petition for Writ of Habeas Corpus, ECF 1, is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED this 4th day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[1] This Court also notes that the Bureau of Prisons' Inmate Locator Service shows that Petitioner has been transferred from FCI Sheridan to the supervision of the Phoenix Residential Reentry Management office, with a projected release date of June 12, 2025. *See United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (taking judicial notice of the BOP Inmate Locator). Because Petitioner has already received the relief he seeks in his petition, this action is likely moot. *See Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005).

PAGE 2 – ORDER